We have Ms. Cain here for Mr. Hester, I think, right? And Ms. Hirsch for the United States. Ms. Cain, you may proceed when ready. Good morning, Your Honors. May it please the Court, Sarah Cain, Assistant Federal Public Defender on behalf of Preston Hester, the appellant and the defendant before the District Court. If Your Honors don't mind, I'd like to start with the question I was directed to address with mootness. I'd like to move on to discussion of why the categorical approach is the only appropriate approach for the District Court to determine the tier level. And then, if Your Honors allow, I'll talk about why the Georgia statute doesn't satisfy the categorical approach. And then, I would like to touch on why the all-out ban on contact with minors, including Mr. Hester's own children, is unreasonable in this case. So, addressing mootness first, certainly as I mentioned in the last 28-J, the Court still has jurisdiction over, unquestionably, over review of Mr. Hester's supervised release condition. There is no issue there. Further, the Court still has jurisdiction to determine, to find that the District Court erred by failing to determine Mr. Hester's tier determination because there are at least two, possibly three ways in which the District Court . . . I'm sorry, in which this Court by remanding to the District Court to determine the tier level could provide meaningful relief for Mr. Hester. The first was mentioned in the 28-J, second 28-J that I filed, which discussed Shorter versus Wooden and Dawson, Dawson being the published case by this Court, which supports a conclusion that a finding by the District Court that it overstated or inflated Mr. Hester's guideline range, even though he's already served his custodial sentence, could carry a great weight, should Mr. Hester file a motion for early termination of supervised release. Can I ask you just a quick question about this tier level issue? Was there ever an argument raised in the District Court tying this tier level issue to the guideline range? No. Does that mean that we're reviewing for plain error only? There is some confusion clearly among everyone before the District Court and the District Court itself, deciding does the District Court determine the tier level? Mr. Hester insisted that the District Court had to determine the tier level and the District I think Mr. Hester's arguments, just the defendant himself, alerted the Court that it had to find the tier level. I think the Court, by reading the PSI, would have known that the tier level is tied to the guideline range. It sets the base offense level. I think that there is an argument that this was fairly presented before the District Court. I guess the reason I'm skeptical, and you should feel free to persuade me otherwise, is that I think anyway that the District Court actually asked both lawyers, do you think the base offense level is right? Everybody said yes. They did, Your Honor, if that's correct. I think that's not a waiver in this case. It's clearly to Mr. Hester's detriment. He clearly did not agree with the tier level determination stated. My tier level is one at some point, so I think at most that's a forfeiture. I still maintain that even under plain error, this is plain error, so I think it is arguably preserved, even if not preserved, merely forfeited, and I think the District Court should exercise its discretion to correct the error here, particularly because the District Court's failure to determine the tier level appears to be an improper delegation of power. The District Court asked probation, what's your position on me determining the tier level, and probation said, we defer to the court, but we also, we tend to defer to the registering agency, which could include, of course, a state agency or U.S. probation. We would argue Mr. Hester maintains that's inappropriate because this is a question of federal statutory interpretation. The District Court can't just say, we'll let, as he did very clearly, we'll let probation decide or we'll let the state of Georgia decide and then you'll take it up with me because there's actually no mechanism that I'm aware of and I'm not an expert in this area for Mr. Hester to take it up with the Georgia authorities. What Mr. Hester would do with the Georgia authorities would be to contest however they determine his level, which is separate from his tier. That's not before your honors, but the way that this gets corrected is here before your honors and before the District Court should this case be remanded. The second way in which a remand to determine Mr. Hester's tier level would be, could still provide meaningful relief for Mr. Hester. Can I just follow up with you, Ms. Cain, on the question that my colleague just asked you. Assume for the purposes of my question that you didn't properly preserve it in the District Court. It really wasn't raised. Just speaking for myself, reading the entire record here, I'm hard pressed to find that the argument was made to the District Judge, listen, you've got to make a change about the base offense level because of the tier, et cetera. So let's assume we review this only for plain error. I could be wrong about that, but I tell you that's candidly how I see it. You said even assuming that that were so, the error would be plain, obvious, affect his substantial rights and put the judicial proceedings into some kind of public disrepute, the standard that you'd have to establish for plain error. Can you tell me how you sustain a plain error argument and more particularly how you sustain it where there's no Supreme Court case or 11th Circuit case seems to me on point here. How do you show the District Court made a big time mistake when there was no case law out there that might have otherwise informed him? Thank you, Your Honor. I'll do my best. Assuming the court were to find that this were reviewed for plain error, I think if Your Honors were to review the guideline at issue 283.5, it makes it clear that the tier level determines the base offense level and the tier level refers back to, it's the cross references 34 U.S.C. 20911. I think in reviewing that as the District Court must, it's clear, this is a federal legal determination that the District Court has to make and the District Court didn't do it and it was asked to and it said affirmatively, I don't know what your tier level is. I think that is obvious. Exactly how it was to determine via the circumstance, the fact specific, the categorical or a hybrid of the two, potentially not plain error, but that the District Court had to find his tier level is plain from the reading of two United States sentencing guidelines section 2A.3.5. That's how it's plain and obvious. I will note also that multiple other circuit courts have found this to be plain error in parallel circumstances, but for the most part, it's the guideline itself tells the District Court how to determine the tier level and that's a legal statutory interpretation question. That the District Court refused to make. Let me ask you, sir, don't we look to 11 circuit law or Supreme Court case law to determine whether there was something out there? Can we look to other circuits? Your Honor, right. I think that a third way that there can be plain error is just a reading of the guideline or the reading of a statute. If your Honor is to review it and say the District Court had to make a legal determination here and clearly improperly delegated that determination, I think that can be plain on a plain reading of 2A.3.5. Thank you very much. Yes. I think Judge Lawson had a question as well. Why wasn't the acceptance by the District Court of the determination of the tier level in the pre-sentence report an acceptance or finding by the court that that was the tier level? I think with a different sentencing transcript or sentencing record it could be, but in this case we know the District Court affirmatively said, I don't know your tier level. He was asked to determine the tier level. Did the District Court accept the pre-sentence report? It appears that the District Court did accept the pre-sentence report, yes. Well, the rest of it is just conversation then. That's one way it could be characterized. I think when the defendant himself and his attorney is asking the District Court to find the tier level and the District Court is saying, I'm not going to do that, I'm going to defer, that he is saying, I did not find the tier level. The District Court accepted the pre-sentence report which contained the tier level and there was no objection by any lawyer. That's true, Your Honor. Mr. Hester would maintain that the District Court then affirmatively said, I'm not determining the tier level which at least creates some ambiguity about what the District Court thought it found. Well, district judges commonly say contradictory things. Not you. I will comment on that. I will say that the tier level doesn't just impact the base offense level as Mr. Hester made clear before the District Court. The tier level also impacts the duration of his registration obligation under federal law, not talking about Georgia state law or federal state law. It also impacts directly the conditions of his supervised release. There are multiple special conditions of supervised release, some of which are mandatory, some of which are optional for the District Court to impose for someone who is a person who has to register. Arguably, the District Court also failed by saying, I'm not determining the tier level, left it up to probation to determine is Mr. Hester somebody who has to register and for how long. At some point, Mr. Hester under federal law is not somebody who has to register and we don't know that point. So that's a problem. Mr. Hester has a right to know how long he has to register and he specifically has to know how long he's subject to those supervised release conditions. And right now, he does not know that because of the District Court's failure to make this determination. So that's another way in which this court by remanding to the District Court could provide Mr. Hester with meaningful relief should the District Court find that he is tier one, which is Mr. Hester's position. His registration obligation would be shorter, would be 15 years, and his terms of supervised release would be clarified for how long is he required to register as a special condition of supervised release, how long is he subject to the Adam Walsh search condition, which was raised before the District Court at the sentencing hearing as implicated by the tier level. And again, the District Court just said, I don't know your tier level, which allows the tier level to have been determined by a mysterious registering agency and not the federal court. Let's say a word or two about the special condition of supervised release here. I'm talking about specifically the argument you make about contact with his children. Yes, Your Honor, thank you. So there is some confusion between what the District Court said at the sentencing hearing and what the judgment and sentence says, which I believe under this court generally requires a remand for clarification as the oral pronouncement should, sorry, I'm blanking on the term, but the oral pronouncement basically overrides the written judgment and sentence. And at the sentencing hearing, the District Court said in response to Mr. Hester's objections, and to be clear, Mr. Hester was just asking for supervised contact with his children. So and probation in its response to his written objection said, yes, you could do without deciding it's not probation's call. The court could order supervised contact and the District Court said, no, but you can ask your probation officer about specific instances of contact when you want to contact your children or you want to go to your family's Thanksgiving gathering. And if probation doesn't give you that permission, you can take it up with me. The problem is, and Mr. Hester highlighted this for the District Court, the judgment and sentence said no contact. It's an all-out ban. No personal contact, no email, no computer, no nothing. So the probation officer cannot allow, just reading the judgment and sentence, the probation officer can't allow Mr. Hester to contact his, they can't give that permission. So at the very least, this case has to be remanded for purposes of amending the judgment and sentence to allow for supervised, for contact with probation officer approval. The, the real- After this, Ms. King, let me ask the question to you this way. Time is short, but you're really on our time, not yours. So help me with this. Even assuming that the probation officer could not grant that relief, there still is nothing that bars your client from going back to the district judge and say, there's a birthday party for my seven-year-old. I've been asked to come. I'd love to come. Probation won't. They can't. Will you give me leave to attend? Why isn't that an adequate answer? I think there's a practical reason and a legal reason. The practical reason came to me first. Time. The defendant doesn't have to, Mr. Hester, the district court doesn't have to rule on that in any amount of time. Mr. Hester could say a week before Thanksgiving, I'd like to go to this family gathering. May I go? And the district court may be out and may grant that relief on the day before Christmas. So it's not really meaningful to be able to ask the district court for permission. That's always the case. Mr. Hester could always request a change to his supervised release conditions through the district court, pro se, of course. At that point, he's not necessarily entitled to pay for counsel. So I think that would moot any review of this court's supervised, any review by this court of a challenge supervised release condition. And I don't think that's consistent with this court's precedents. In this case and in every case cited by the government in support of this outright ban, there is a distinguishing factor. For the most part, every other court cited allowed contact with probation officer approval, which is obviously very different than what the judgment and sentence says. We're also talking about an individual, Mr. Hester, who expressed a desire to have a relationship with his children and had an active relationship with his nine-year-old daughter at the time. There is, of course, a constitutional interest, a liberty interest in maintaining the parent-child relationship. And Mr. Hester's offense, his underlying sex offense is a statutory rape charge. As your honors are aware, that's a strict liability offense, not with an individual as far as we know in any relation to Mr. Hester. So I think there's a disconnect here between Mr. Hester as a father wanting to have some contact with his child and an outright ban on any contact with minors, especially in light of the sex offense at issue here. I'm far over my time. Thank you. Very well. You've got your full rebuttal time remaining. Thank you. We'll hear from the government. Good morning. Lisa Hirsch on behalf of the United States. First, I'd like to go back to the position of whether Mr. Hester preserved error in the tier level determination. And I wanted to note that in paragraph 12 of the PSI, it's clearly set forth that he's been determined to be a tier two offender with a base level, base offense level of 14. So in the first instance, Mr. Hester could have included an objection to his base offense level in his written objection, which he did not. So first, he failed to make written objections to it. Then when it was argued, the objection that he made because he wanted the tier level set forth for registration purposes, he basically asked the court to set his registration period, which is generally a function of the state agency because the states are the ones who are the registering agent. He never, ever linked it to his base offense level. And in fact, when the judge confirmed at page 18, we come up with an offense level of 12, which would be the 14 minus two for acceptance in the range of 21 to 27 months, both counsel agreed that that was correct. At the end of the sentencing, in response to the Jones objections, the registration tier level was not preserved also. So the only objections that were preserved were the ones as to supervised release. So the government's position as stated in the brief is that this issue should be reviewed only for plain error and that the Hester cannot show plain error when there is no Eleventh Circuit case and no Supreme Court case on this particular issue. I looked and could not find a case that talked about finding plain error when there wasn't some sort of established law in the area that would tell this court as well as the district court, had it had the opportunity to review it, that there was a problem with the base offense level. How about if the guideline is clear as a bell? The text itself tells anyone who reads it. You got to make a finding on this. Well, as I said in paragraph 12 of the PSI, it says he's a tier two level. It is in the PSI and there is a problem. I'm sorry, I didn't mean to interrupt. Problem, though, is the trial judge says something that suggests he's not aware of what and has not made a finding about it specifically expressly. How do we handle what he expressly said? What he expressly said was in response to the registration issue, and he was trying to get the district court to limit the period of his registration when he went to a state and say, hey, the district court says this and I only have to register for that. In the government's opinion, it was never here you have to determine the tier level because then I get to be registered. He wanted to know what his registration period was going to be. He wanted to limit the state and that's how when it's in the PSI that he's tier two, they don't preserve it in any fashion as to the base offense level. Then I think this court has said on many occasions that even if you make an objection, but it's not the one you raise on appeal, then the issue is reviewed for plain error. So if I have your answer right, you're saying any confusion that may have been evident from the record bore on a distinctly separate issue, which in its own right is confusing to with the period of time someone might have to serve based upon the state's registry rules, as opposed to any confusion bearing directly and specifically on the base offense level. Yes, Your Honor. I think the PSI said it fourth tier two for base offense level and base offense level fourteen, not objected to, agreed to that he had the correct sentencing range. We would urge this court to affirm on that ground that there's no plain error here and there's no plain error been shown as to the determination of his guideline level. There's any further question on that? I'll move to the supervised release conditions. Mr. Hester, he did preserve this. He did ask the court to allow him contact with minors and the court listened to what he had to say and said, if there's any problem, come back to me or ask your probation officer if there's any problem, you can raise it with me, to which the defendant said he'll probably be in another state and it will be difficult and the court said just write me a letter. I think that he has areas to get relief and this court has found that these kind of restrictions are acceptable and that the court has the ability to determine the circumstances of the defendant and this defendant did have a sex offense that he was . . . that in his past as well as many other crimes. The government would argue that it was reasonably related to his offense and should be affirmed on appeal. I guess though in fairness, right, at least the cases that we've found in which that play out somewhat similarly, the judgment itself writes in an exception that says something like, you know, without the prior written approval of the probation officer and I guess the complaint here is that the judgment is sort of an absolute ban and so at least insofar as you're going to travel through the probation officer, that may be sort of a futile exercise because the probation officer doesn't have the discretion, him or herself, to depart from the judgment. Now, it might be that the resort to the district court who can always amend its own judgment is different but I mean this case does set up a little bit differently, right, than most of the others that are on the books? I'm sorry. I don't know whether the conditions were specifically set forth in the judgments. I had the impression that the court, again in those cases, had said you can, you know, go to your probation officer and find out. Right. Yeah, yeah, yeah. So maybe you and I are talking past one another. So in the previous cases that I've found that look sort of like this one, the judgment itself said no contact with children without the prior approval of your probation officer, right? I'm not sure, Your Honor. Okay. At least I've found several that look just like that. You'll just take my word for it. Would you, I guess, acknowledge that this case is different from that? This case is different. It does not say that in the order. It is clear though that the judge contemplated that he could get permission from his probation officer and if the probation officer refused it, that he should contact the court. So is the answer maybe to my question, even if you don't have an avenue through the probation officer because the probation officer, him or herself, is bound by the judgment, you do have an avenue through the district court itself? He said, you know, look, if all else fails, come back and talk to me. Yes. Okay. Yes, Your Honor. That would be the government's position. We believe that given the history and circumstances of this particular defendant, that this court can affirm it. Is there any further questions? Yeah. I have just a follow-up on Judge Newsom's question. Do we have a collision between what the judge said orally at the time of sentence and what the written order says? And if we do, would we not be bound by the oral statement rather than a written judgment to the contrary? I'm not definitively sure of the answer to this, Your Honor. I think that the judge clearly contemplated he could contact probation and see it. I don't think that the court meant for it to prohibit it, but it is not in the final J&C. Right. But if the final J&C said X and what the judge said at the time that he was pronouncing sentence was Y, as I understand controlling law, Y would dominate and that would be the answer. Would it not? Generally, yes, Your Honor. Here, I think that the special conditions are subject to being executed by the probation office and that he could do that and then write the court and the court could make it clear. Well, should we put in an order of this court suggesting or directing the district court to clarify this? It's a possibility, Your Honor. Yes, if you think that. The prohibition is unclear. Well, you tell me, is the prohibition unclear? I thought that the court, the district court made it clear that he was allowed to go to his probation officer to get exceptions. Right. But the written judgment says something apparently arguably different. That's the only reason I'm asking you this question. It does say no contact with minors. It doesn't include. And I don't know if that's habitual to put it in there if the court intends for the probation officer to be able to grant such permission. Mind you, it could be the court did not want to give the probation officer that power and wanted to reserve it solely to himself. I suppose he could do that, too, couldn't he? Yes, but that was not the oral pronouncement. I mean, the oral, what he said at the sentencing was get in touch with your probation officer, and if he doesn't let you, then you can write me a letter. Thanks very much. And I think if I just may just to follow up on Judge Marcus's follow up. I mean, I think the reason he's asking you this question, I thought I understood our law to be that if there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls. And if that's true, then your response to my line of questions might be, no, no, no, this case is just like those other cases, because the controlling judgment, if you will, here is the oral pronouncement, which itself says go to the probation officer. So it looks just like those earlier cases. Is that your understanding of the law, that if there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls? Yes, Your Honor. OK, I just want to make sure I have that straight. OK, very good. Ms. Hirsch, but of course, just to follow up on the follow up to the follow up. If I were the probation officer and I read the judgment of commitment, the order, et cetera, there's nothing in there that says the judge orally said X, Y, and Z, and therefore I will or will not grant it. Or if I do, it will be under these or those conditions. So we can safely assume, can we not, that any probation officer following the directive of the trial court is going to say, you can't get that permission from me, you got to go to the district court. Wouldn't that be what we would reasonably expect here? I don't know if the probation officer were to also have the sentencing transcript in which the judge made it clear that, and I know the probation officers often look at legal documents such as past judgment and commitment orders. And if the probation officer were to look at the sentencing transcript, then would see that the court did mean for the probation officer to be able to grant permission. Thank you very much. Thank you. We ask that the court affirm the district court sentence. Thank you. Thank you, Ms. Hirsch. All right, Ms. Cain, we took you over, but you've got the full three minutes remaining. Thank you. Can I ask you just a favor, like somewhere in your presentation, we're not going to start the clock on you yet, but somewhere in here, will you comment on the conversation we were just having with Ms. Hirsch about this conflict between oral pronouncement and written judgment, which controls, what would the reasonable probation officer think? Yes, I'll do that now. So this wasn't in the briefs. There is a number of cases from this circuit, this court, that hold that when a sentence pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs. We all agree on that. In United States v. Bates, that's 213 F. 1336. That's a 2000 case from this court. The court determined that a remand was required for the district court to correct the written judgment to accord with the oral pronouncement of sentence. I think that's the appropriate course of action here. I used to be a trial assistant federal public defender. I did not ever have a probation officer on their own look at a sentencing transcript. Granted, I don't recall a time when the oral pronouncement conflicted with judgment and sentence, but it is my experience that probation will, and ought to, restrict itself to the judgment and sentence. I also note that Mr. Hester is supervised currently in Georgia, and I don't think it's reasonable for us to assume that his probation officer in Georgia has any idea what happened at sentencing, nor should we assume that officer is obligated to review the sentencing transcript without any authority that says they have to do that. I think the correct course of action is to remand for correction of the oral judgment and sentence to comport with the oral pronouncement. Of course, Mr. Hester objects to the oral pronouncement as well. He argues and maintains that the ban, even with permission from a probation officer, is unreasonable in this case, reviewing his history and characteristics, and the fact that he's a father of a minor child with whom he has a relationship. He has a liberty interest, a constitutionally protected interest, in a relationship with his children. He had a relationship with his daughter, according to the PSI, and requiring permission for every contact through probation itself is unreasonable in this case. Imagine a scenario. Mr. Hester would like to respond to his daughter's text that says, Merry Christmas. And he writes the probation officer on Christmas and says, hey, can I respond? My daughter said, Merry Christmas. And probation officer responds the next week. Yeah, sure, you can respond. And the daughter went Christmas without hearing back from her father. That's not reasonable under the facts of this case. The government is correct. Mr. Hester does have prior convictions, but they are not the kinds of convictions. He has one prior sex offense. Again, it's a strict liability offense. There is no evidence that he knew, nor would the state of Georgia ever have to prove, that he knew the age of the child that he was involved with. It's not even an affirmative defense in the state of Georgia. And there is no prior sex offense, even arrest. As far as we know, there's no accusation of Mr. Hester being inappropriate with his own daughter. So it's unreasonable in this case. Okay. If we were to follow what you said and send it back on that issue to make the oral and written pronouncements consistent, would the trial judge have it in his power to say, there's confusion, so everybody is clear. The probation officer doesn't have the power. I'm reposing that power in me and me alone. If you want to see your kids, you got to get permission from me. Could he do that? That is within the district court's authority. Yes, I'm sure Mr. Hester would object. I understand. Thank you very much. Thank you. Thank you very much. All right, that case is submitted.